FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 99 MAR 22 PM 4: 06
TAMPA DIVISION

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

CASE NO: 99- 657- CIU-T-26F

RONALD E. ARCARO, JR.,
for himself and those others
similarly situated,

        Plaintiffs,

–v–

STATE OF FLORIDA,
DEPARTMENT OF CORRECTIONS,
MICHAEL MOORE, Secretary,
JACK TABB, Administrative Assistant
of Community Corrections, STATE
OF FLORIDA, COUNTY OF LEE,
POLITICAL SUBDIVISION, RAY JUDAH,
COMMISSION CHAIR, NANCY WALTON, Case Worker,
MICHAEL GREGORY, Court Investigator,
FAMILY QUEST, INC., LLOYD YOUNG,
CEO, BILL COVELL, Executive
Director, THE SPRING OF TAMPA
BAY, INC., KAREN SILVER PRES., LINDA CARDAMONE,
Program Director, INEZ, JERRY,
DON, (last names unknown),
FACILITATORS, in their official
capacity, YOUNG, COVELL, WALTON,
INEZ, JERRY, in their capacity
personally, and those UNKNOWN
BY NAME EMPLOYEES, jointly and severally,

        Defendants.

_____/

## COMPLAINT FOR DAMAGES

COMES NOW the plaintiff, RONALD E. ARCARO, JR., for himself and those others similarly situated, by and through himself in propria persona, and sues the defendants, STATE OF FLORIDA, STATE OF FLORIDA, DEPARTMENT OF CORRECTIONS, MICHAEL MOORE, Secretary, JACK TABB, Administrative Assistant of Community Corrections, STATE OF FLORIDA, LEE COUNTY POLITICAL SUBDIVISION, RAY JUDAH, STATE OF FLORIDA, COUNTY OF LEE, DOMESTIC VIOLENCE DIVISION, NANCY WALTON, Case Worker, MICHAEL GREGORY, Court Investigator, FAMILY QUEST, INC., LLOYD YOUNG, CEO, BILL COVELL, Executive Director, THE SPRING OF TAMPA BAY, INC., KAREN SILVER AND CAROLYN BRAYBOY, PRESIDENTS; LINDA CARDAMONE, Program Director, INEZ, JERRY, DON, (last names unknown), Facilitators, in their official and in their personal capacities, and those UNKNOWN BY NAME EMPLOYEES, jointly and severally, the defendants, and as grounds therefore, the plaintiff would now state:

### JURISDICTION

1.   This action is brought pursuant to the provisions of Title 28, United States Code, section 1343, this being a suit in damages and equity which is authorized by law, Title 42, United States Code, Section 1981, 1983, 1985 brought to redress the deprivation under the color of state law, statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured by the Constitution and laws of The United States or by an act of Congress providing for equal protection and the rights of all citizens.

2.   The rights herein sought to be redressed are rights guaranteed by the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments,

freedom of speech as guaranteed in the First Amendment, the Cruel and Unusual Punishment clause contained in the Eighth Amendment, of the Constitution Of The United States as well as the protections guaranteed to all citizens against passage and enforcement of Bills Of Attainder to be used against United States Citizens.

3.   The actions hereinafter more fully set forth the actions of the defendants, STATE OF FLORIDA, DEPARTMENT OF CORRECTIONS, MICHAEL MOORE, JACK TABB, STATE OF FLORIDA, COUNTY OF LEE, NANCY WALTON, MICHAEL GREGORY, FAMILY QUEST, INC., LLOYD YOUNG, BILL COVELL, THE SPRING OF TAMPA BAY, INC., LINDA CARDAMONE, and those other UNKNOWN BY NAME EMPLOYEES AND ASSOCIATES which acted with the defendants, aforesaid, to further the unlawful actions.

4.   The plaintiff, ARCARO, further invokes ancillary jurisdiction under Rule 65, FEDERAL RULES OF CIVIL PROCEDURE, as well as preliminary, permanent injunctive and declaratory relief as hereinafter more fully set forth.

5.   Further, the plaintiff, ARCARO, brings this action for a permanent injunction, enjoining defendants, each of them, their agents, employees and successors from continuing their policy, practice, and custom of using and/or employing the use of fear tactics, intimidation, threats, economic control, assault, obstruction of justice, and family separation to simply harm, damage and injure, individuals for no good or justified reason.

6.   The plaintiff, ARCARO, at all times material hereto, brings this action for the deprivation of his rights, privileges and immunities, under the Constitution Of The United States, for actions against the plaintiff, occurring within and without The Domestic Violence Division of Lee County,

State of Florida, Family Quest, Inc., County of Lee, State of Florida, The Spring of Tampa Bay, Inc., County of Hillsborough, State of Florida, all situated in the Federal Judicial District of the Middle District of Florida.

### GENERAL ALLEGATIONS

7. At all times material hereto, the plaintiff, ARCARO, was and is under State Court Order to submit to any and all demands ordered by the defendants.

8. At all times material hereto, the plaintiff, ARCARO, was never charged with a crime, arrested, nor convicted of any crime.

9. At all times material hereto, the plaintiff, ARCARO, was never fined by the court but is ordered by the defendants to involuntarily give money and enter into contract with the defendants under threat of incarceration, physical harm, and unrelated criminal charges resulting in the malicious prosecution of the plaintiff.

10. At all times material hereto, the defendants, STATE OF FLORIDA, DEPARTMENT OF CORRECTIONS, MICHAEL MOORE, was and is the authority under which the defendants TABB, YOUNG, WALTON, GREGORY, COVELL, CARDIMONE, INEZ, JERRY, DON, and those UNKNOWN BY NAME EMPLOYEES AND AGENTS, operated supervised and were employed by, or contracted by and under the authority of said entity.

11. At all times material hereto, the defendant, MICHAEL MOORE, is the Secretary of the Department of Corrections, employing, contracting, and responsible for the supervision of

employees and agents, the defendants, TABB, COVELL, WALTON, GREGORY, CARDIMONE,

YOUNG, INEZ, JERRY, DON, and those UNKNOWN BY NAME EMPLOYEES AND AGENTS.

12.  At all times material hereto, the defendants, aforesaid, were employed by, or acted

under the authority of, STATE OF FLORIDA, DEPARTMENT OF CORRECTIONS, in the counties of

Lee and Hillsborough, State of Florida.

13.  On or about June 25th, 1998 a petition was filed in the CIRCUIT COURT OF THE

TWENTIETH JUDICIAL CIRCUIT, IN AND FOR LEE COUNTY FLORIDA,  CASE NO: 198-4845 CA C,

by one SUZETTE MICHELLE ROBERTS, upon the advice of NANCY WALTON, a CASE WORKER in

the DOMESTIC VIOLENCE UNIT OF THE LEE COUNTY COURT HOUSE, ALLEGING ARCARO was

guilty of domestic violence under State Law. These statements were solicited from ROBERTS by

employees in the LEE COUNTY DOMESTIC VIOLENCE DIVISION, by use of mental force,

persuasion, and undue influence.

14.  The petition, aforesaid, was presented to a Circuit Court Judge, as true and correct,

who then acted by following NANCY WALTON'S recommendation to have the plaintiff, ARCARO,

removed from his home by force, separating ARCARO from his family, trade tools, medications,

and all other property with the exception of his car and a pair of boxer shorts. ARCARO was

also not allowed to take money or items of health and hygiene. The plaintiff, was also placed

under the care and supervision of the defendants, aforesaid.

15.  While under the supervision and care of the defendants, aforesaid, the plaintiff,

ARCARO, was subjected to cruel and unusual punishment, extortion, complete economic

control, loss of employment, retaliatory assault, deprivation of medical care, gender and

disability discrimination, deprivation of property and life saving medications, homelessness,

and overall physical and mental abuse, deprivation of his rights, privileges and immunities, caused by the defendants, aforesaid, in the counties of Lee and Hillsborough, State of Florida.

16.    At all times material hereto, when used the plaintiffs, ARCARO will also mean those others similarly situated in the actions set forth due to the number of those individuals affected by the common practice of the defendants, aforesaid.

17.    As a direct and proximate result of the actions and acts by the defendants, aforesaid, the plaintiff, ARCARO, was damaged as a result set forth hereinafter more fully.

18.    As a direct and proximate result of the actions and acts by the defendants, aforesaid, the plaintiffs family consisting of four minor children were damaged as a result set forth hereinafter more fully.

19.    The plaintiff, ARCARO, has exhausted all available means of administrative remedy, as is evidenced as attached hereto as a part hereof and incorporated herein by reference, Exhibit "A" hereinafter set forth.

20.    The actions hereinafter more fully set forth are a direct and proximate result of a "Vigilante" mentality, present among the defendants, aforesaid, in response to a politically

charged, domestic violence issue, where due to the fact that no evidence existed to arrest, charge, or convict the plaintiff, ARCARO, the defendants, aforesaid, retaliated by giving false testimony in a Judicial proceeding, extorting money from the plaintiff, ARCARO, by threat of incarceration and family destruction for no good or just cause, and thus, ARCARO, began

acting to protect himself and his family, as he feared for his life and his families safety from the brutal and unnecessary actions by the defendants, aforesaid, thus the plaintiff, ARCARO, brings this action to move the Court to order a full Federal investigation of the serious nature of this incident.

## COUNT I

## **MALICIOUS PROSECUTION**

Plaintiffs reallege and reaver paragraphs 1-20 as if fully set forth herein and would further state:

21.   On or about June 25th, 1998, SUZETTE MICHELLE ROBERTS entered the DOMESTIC VIOLENCE DIVISION, LEE COUNTY, STATE OF FLORIDA, to seek legal advise pertaining to domestic violence. Legal advise was provided to ROBERTS on this issue by a NON-LAWYER, under the supervision of GREGORY AND WALTON.

22.   ROBERTS was told by WALTON that it was not necessary for ARCARO to be guilty of domestic violence to get him medical attention for his Bi-Polar Disorder, and that due to her close relationship with the judge it was no longer illegal to submit false testimony.

23.   WALTON told ROBERTS that ARCARO would receive all help needed and could be returned to their home three days after an evaluation of a counselor.

24.   WALTON told ROBERTS it was not necessary for the allegation to be true and correct, as it was only meant to achieve a desired result consistent with their goals as women. ROBERTS repeatedly refers to the defendants, aforesaid, as "BARRACUDAS" out to destroy men.

25.     WALTON assured ROBERTS that ARCARO would be freed upon ROBERTS request in court and that no harm would come to ARCARO.

26.     WALTON and GREGORY then did not honor these promises by refusing to investigate, verify, and set free ARCARO at ROBERTS request in court.

27.     On July 9th, 1998 at 1:30 p.m., the plaintiff, ARCARO, attended a court hearing at the LEE COUNTY COURT HOUSE, STATE OF FLORIDA, Judge Jay B. Rosman presiding. The hearing lasted approximately five minutes. Upon entering the court room, the plaintiff, ARCARO, was approached by three LEE COUNTY SHERIFFS DEPUTIES who then placed hands on ARCARO standing him in front of the judge.

28.     At the aforesaid time and place, the plaintiff, ARCARO, was denied use of the table in the court room (generally used by defense lawyers) to organize his evidence and stage his defense. The Plaintiff, ARCARO, was in fear, felt physically threatened, and suffered loss of esteem throughout the hearing.

29.     At the aforesaid time and place, the Plaintiff, ARCARO, after suffering fifteen days of homelessness, was unshaven unclean, unmedicated, physically ill, as well as shabbily dressed gaining him no respect in court.

30.     At the aforesaid time and place, Judge Jay B. Rosman asked ROBERTS what she would like to have done in this matter. ROBERTS said she would like the petition dismissed due to the fact that she did not know ARCARO was having problems with his medication to control Bi-Polar disorder.

31.   At the aforesaid time and place, ROBERTS then presented to the court proof that ARCARO had been and at that time was in treatment facilitated by a medical doctor.

32.   At the aforesaid time and place, WALTON (as she sat to the left of the judge looking down at ARCARO as with judicial authority), refused to investigate the matter and recommended to the Judge that ARCARO be placed under her supervision under the authority of The Department Of Corrections, and placed in the 26 week State Batterers Intervention Program at his own expense or face incarceration.

33.   At the aforesaid time and place, the Plaintiff, ARCARO, was then quickly ushered out of the court room in a "jack rabbit" fashion.

34.   Michael Gregory did not perform his function as court investigator thus omitting all facts leaving the Plaintiff, ARCARO, to be judged subjectively based on appearance, gender, and personal opinion.

35.   At the aforesaid time and place, the Plaintiff, ARCARO, was ordered to immediately report to the DOMESTIC VIOLENCE DIVISION in same court house to have his second amendment rights revoked and/or suspended.

36.   While in the Domestic Violence Division, ROBERTS walked in without knowledge to ARCARO resulting in an UNKNOWN BY NAME EMPLOYEE of the DOMESTIC VIOLENCE UNIT committing simple battery upon the Plaintiff, ARCARO, by striking him in the head with the wadded up document that was meant to suspend ARCARO'S right to possess a firearm.

37.    At the aforesaid time and place, the same UNKNOWN BY NAME EMPLOYEE ordered a Lee County Sheriffs Deputy to arrest the Plaintiff, ARCARO, for violation of the no contact order due to the fact that he was now unknowingly in the same general area as ROBERTS. The Deputy (unknown by name) detained the Plaintiff, ARCARO, telling ARCARO it was for his own protection.

38.    The Deputy then called ARCARO,S Mother, KAREN BURNETT, and told her to quickly come get him. After about 20 minutes, the Plaintiff, ARCARO was released to his mother with no charges filed. ARCARO was then taken to his car by his mother where he was left alone in a suicidal mental condition.

40.    Such actions and inactions by the Defendants, WALTON AND GREGORY, were intentional acts to maliciously prosecute the Plaintiff, ARCARO, while those Defendants, aforesaid, were under the authority of and acting under the color of their authority, as Officers of the Court, and such malicious prosecution was intentionally and without mistake directed towards the plaintiff, ARCARO.

41.    Furthermore, the defendants, WALTON AND GREGORY possessed the ability and did, in fact, cause an the plaintiff, ARCARO, to be maliciously prosecuted.

42.    The defendants, WALTON and GREGORY, committed the aforesaid acts willfully, wantonly, recklessly and in total disregard to and for the rights, safety and welfare of the plaintiff, ARCARO.

43.    As a direct and proximate result of the malicious prosecution by the defendants, WALTON and GREGORY, the plaintiff, RONALD E. ARCARO, JR., suffered severe high blood

pressure due to lack of medication, mental illness due to lack of medication, loss of career, prolonged hunger, unsanitary conditions, and was placed in a life threatening mental state, and thereby rendered sick, and otherwise disabled.

44.    As a further direct and proximate result of the malicious prosecution by the defendants, WALTON and GREGORY, the plaintiff, ARCARO, sustained damage, and has suffered, severe and serious injury to his body, and has in the past, and will in the future, suffer such mental pain and anguish as the result of the malicious prosecution by the defendants, WALTON and GREGORY.

WHEREFORE, plaintiff, RONALD E. ARCARO, JR., demands judgment against the defendants, WALTON and GREGORY, for damages, together with interest, costs and trial by jury of all issues triable as of right by jury.

## COUNT II
## OBSTRUCTION OF JUSTICE

Plaintiff realleges and reavers paragraphs 1–44 as if fully set forth herein and would further state:

45.    On or about July 9th, 1998 at 1:30pm, the plaintiff, ARCARO, attended a court hearing with Judge Jay B. Rosman presiding in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

46.    At the time and place aforesaid, Judge Rosman did render a decision in Case No: I98-4845 CA C. The decision was to extend the injunction for one year, ARCARO was to attend

a batterers intervention program, and the No Contact Order was to be lifted on the recommendation of the Evaluating therapist Christine Holmes.

**47.**   Judge Rosman **DID NOT** impose a fine, order ARCARO to pay any money to anyone, or in any way authorize anyone to punish ARCARO nor did the Court impose any punishment. ARCARO was ordered to be educated on the issue of Domestic Violence.

**48.**   On July 13th, 1998 ARCARO did comply with the courts order by attending an evaluation by a court authorized counselor. This evaluation took place at Solutions for Families, Inc., 1423 S.E. 16th Place #105 Cape Coral, FL 33990, and was performed by one Christine Holmes.

**49.**   At the Evaluation it was determined that the plaintiff, ARCARO, was not a threat to himself or others and was in need of medical attention.

**50.**   At the evaluation aforesaid, it was determined that due to ARCARO's indigent status, he would only have to pay Five Dollars a week for classes.

**51.**   At the evaluation aforesaid, Christine Holmes notified ARCARO that he would be returned to his home in three days by her recommendation as court ordered.

**52.**   The petitioner, ROBERTS, was contacted by HOLMES. ROBERTS said she wanted ARCARO home so she could get him back into his medical treatment. HOLMES agreed and ROBERTS was forwarded the proper forms to be completed and returned to HOLMES to complete the legal process.

**53.**   After the evaluation, aforesaid, ARCARO was never again able to make contact with Solutions by mail or by phone due to no response from Solutions.

54.   On September 18th, 1998 WALTON completed a sworn affidavit stating that the plaintiff, ARCARO, did not comply with the court order issued by Judge Jay B. Rosman on July 9th, 1998. This resulted in ARCARO being ordered to attend a Show Cause Hearing with Judge Jay B. Rosman presiding.

55.   On October 8th, 1998 at 3:30pm, ARCARO attended a Show Cause Hearing at the Lee County Court House with Judge Jay B. Rosman presiding.

56.   At the time and place aforesaid, the plaintiff, ARCARO, produced proof that he had done nothing wrong and was ordered to re enroll in Solutions within forty eight hours.

57.   The plaintiff, ARCARO, was unable to comply with this court order because Solutions would not return phone messages or mail from ARCARO or ROBERTS.

58.   On October 20th, 1998 at approximately 11:00am, the plaintiff, ARCARO, contacted the Corporations Department of The Secretary of State and was told that Solutions was no longer in business.

59.   On October 20th, 1998 at approximately 4:00pm, the plaintiff, ARCARO, received a phone call from Christine Holmes. Holmes stated that Nancy Walton has known for sometime that all of Solutions clients needed to be transferred to other facilities.

60.   On October 21st at approximately 9:00am, the plaintiff, ARCARO, contacted WALTON by phone and informed her of the problems aforesaid. Walton stated that because of her case load she did not have time to deal with ARCARO and that he could go to Family Quest, Inc. for classes or wait eight weeks to be placed.

61.  On October 22nd, 1998, ARCARO met with Bill Covell of Family Quest, Inc. COVELL told ARCARO that he had talked to Jack Tabb and Nancy Walton and the three of them had agreed that ARCARO would not be reunited with his family for one year with no visitation because he did not mind being sued by ARCARO but the state did not want ARCARO and ROBERTS going to the UNITED STATES COURTS jointly because the current system was his living. COVELL, TABB, and WALTON also decided that ARCARO would not get any of his property and told ARCARO that he would go to jail if he tried to see the Judge because he (ARCARO) had irritated the Judge with his request for a re hearing and the Judge had stated to them that he would not reply to ARCARO or give him "court time".

62.  Both ARCARO and ROBERTS made several attempts at scheduling a re hearing through the Clerk of Courts, Nancy Walton, and direct appeals to Judge Rosman, all attempts were ignored.

63.  ARCARO and ROBERTS made several requests to WALTON to let them meet in a supervised setting so they could discuss jointly, using the UNITED STATES COURTS to gain remedy. All requests were ignored.

64.  WALTON, COVELL, TABB took deliberate steps to keep ARCARO and ROBERTS from using the State and Federal courts to seek relief, for no good reason or just cause, other that to obstruct justice and to violate ARCARO with out scrutiny from authorities.

65.  Such actions and inactions by the defendants, TABB, COVELL, WALTON, and GREGORY were intentional acts of  Obstruction of Justice, while those defendants, aforesaid, were under the authority of and acting under the color of their authority, as court authorized offender supervisors, and such obstruction was intentionally and with out mistake directed towards the plaintiff, ARCARO.

66.   Furthermore, the defendants TABB, COVELL, WALTON, and GREGORY, possessed the ability and did, in fact, obstruct the plaintiff, ARCARO'S, attempts at obtaining justice by use of State and Federal Courts.

67.   The defendants TABB, COVELL, WALTON, and GREGORY, committed the aforesaid acts willfully, wantonly, recklessly, and in total disregard to and for the rights, safety, and welfare of the plaintiff, ARCARO.

68.   As a direct and proximate result, of the obstruction of justice by the defendants, TABB, COVELL, WALTON, and GREGORY, the plaintiff, ARCARO, has suffered long term family separation, financial ruin, long term unemployment, mental anguish, psychological damage, family destruction, and thereby rendered disabled.

   Wherefore, Plaintiff, Ronald E. Arcaro, Jr., demands judgment against the plaintiffs, TABB, COVELL, WALTON, and GREGORY, for damages, together with interest, costs, and trial by jury

for all issues triable as of right by jury.

## COUNT III

### DEPRIVATION OF CONSTITUTIONAL AND CIVIL RIGHTS

   Plaintiff realleges and reavers paragraphs 1–68 as if fully set forth herein and would further state:

   69.   The plaintiff, ARCARO, was ordered to submit himself to unsafe conditions when he (ARCARO), feared for his life and personal safety, as all defendants, aforesaid, failed and/or

otherwise refused to act in perspective and in conformity with other laws, rights, and immunities of the plaintiff, ARCARO, under the provisions of the Constitution of the United States.

70.   The plaintiff, ARCARO, was ordered to admit guilt in the felony crime of aggravated battery under the threat of incarceration by the defendants, aforesaid.

71.   The plaintiff, ARCARO, was ordered to pay more money to his Supervising Custodians than originally agreed under threat of incarceration by the defendants, aforesaid.

72.   The plaintiff, ARCARO, was ordered to reveal to a group of dangerous, violent, convicted felons, his Law Enforcement Officer status and his disability causing ARCARO to be assaulted. ARCARO had to flee for his safety.

73.   The plaintiff, ARCARO, was ordered to enter into a contract with the defendants, aforesaid, against his will, and under threat of incarceration by the defendants, aforesaid.

74.   The plaintiff, ARCARO, is now in a position where the life threatening problems he has developed while under the abuse of the defendants, aforesaid, are unable to be brought forward so he might receive help, because of threats made to the plaintiff, ARCARO, by the defendants, aforesaid.

75.   The plaintiff, ARCARO, did and/or does not, have the same rights and privileges, as other accused individuals similarly situated, as the defendants, aforesaid, refused to allow the plaintiff, ARCARO, his rights.

76. The defendants, STATE OF FLORIDA, FLORIDA DEPARTMENT OF CORRECTIONS, MICHAEL MOORE, LEE COUNTY POLITICAL SUBDIVISION, RAY JUDAH, FAMILY QUEST, INC., LLOYD YOUNG, and THE SPRING OF TAMPA BAY, INC., KAREN SILVER, CAROLYN BRAYBOY, failed and/or otherwise refused to sufficiently supervise those defendants, TABB, WALTON, GREGORY, COVELL, CARDAMONE, INEZ, DON, JERRY, AND THOSE UNKNOWN BY NAME EMPLOYEES, which the defendants, STATE OF FLORIDA, DEPARTMENT OF CORRECTIONS, MOORE, LEE COUNTY POLITICAL SUBDIVISION, JUDAH, FAMILY QUEST, YOUNG, and THE SPRING, SILVER, BRAYBOY, knew, or reasonably should have known, of the unlawful, inexcusable, and neglectful propensities of those defendants, WALTON, COVELL, GREGORY, TABB, INEZ, DON, CARDAMONE, JERRY, and those unknown to act in contravention of the law both neglectfully, and violently against the plaintiff, ARCARO.

77. The defendants, STATE OF FLORIDA, DEPARTMENT OF CORRECTIONS, MOORE, LEE COUNTY, JUDAH, Failed and/or otherwise refused to fully and or thoroughly investigate the illegal actions of TABB, WALTON, GREGORY, COVELL, CARDAMONE, INEZ, DON, JERRY, and those

UNKNOWN BY NAME EMPLOYEES, occurring at the LEE COUNTY DOMESTIC VIOLENCE DIVISION, FAMILY QUEST, THE SPRING, and the DEPARTMENT OF CORRECTIONS REGION V OFFICE, at the times and dates aforesaid.

78. The defendants, aforesaid, failed and or otherwise refused to set forth the totality of the circumstances, both fully and truthfully, as the defendants, aforesaid, conspired in a common scheme to cover up the illegal actions occurring at and in the places, times, and dates, aforesaid.

79. The defendants, aforesaid, failed and/or otherwise refused, to report the incidents, illegally and unpermitted actions, executed by the defendants, TABB, WALTON, GREGORY, COVELL, CARDAMONE, INEZ, DON, JERRY, and THOSE UNKNOWN BY NAME EMPLOYEES, which should have been properly and promptly reported to the FLORIDA DEPARTMENT OF LAW ENFORCEMENT, STATE INSPECTOR GENERAL, UNITED STATES DEPARTMENT OF JUSTICE, and the OFFICE OF THE STATE ATTORNEY, for investigation.

80. The plaintiff, ARCARO, was intimidated, and or otherwise threatened with incarceration and bodily injury as a result thereof, harm and/or damage by the defendants, aforesaid, if the plaintiff, ARCARO, were to request medical treatment or medications.

81. As a direct and proximate result, by the defendants, aforesaid, actions and/or failure to act, the plaintiff, ARCARO, has been harmed and/or otherwise damaged, and has in the past, and will in the future, suffer such mental pain and anguish as a result of the aforesaid.

WHEREFORE, the plaintiff, Ronald E. Arcaro, Jr, demands judgment against the defendants aforesaid, for damages together with interest and costs, and trial by jury of all issues triable as of right by jury.

## COUNT IV

Punitive damages as to the defendants STATE OF FLORIDA DEPARTMENT OF CORRECTIONS, TABB, LEE COUNTY DOMESTIC VIOLENCE DIVISION, WALTON, GREGORY, FAMILY QUEST, INC., COVELL, THE SPRING OF TAMPA BAY, INC., CARDAMONE, INEZ, DON, JERRY, and THOSE UNKNOWN BY NAME EMPLOYEES.

--------------------------------------------------------------------------------

Plaintiff realleges and reavers paragraphs 1-81 as if fully set forth herein and would further state:

82.   Beginning on or about July 9th, 1998, the defendants, aforesaid, carried out the aforementioned malicious prosecution, obstruction of justice, deprivation of civil rights, deprivation of constitutional rights, directed towards the plaintiff, ARCARO, intentionally, and with malice, moral turpitude, wantonness, and such outrageous conduct was committed with the disregard for the rights, health, safety, and physical and mental condition of the plaintiff, ARCARO, in knowingly, willfully, and maliciously, with evil intent, the defendants, aforesaid, did successfully obstruct justice by using threats and intimidation and long term family separation in order to keep the plaintiff, ARCARO, from incorporating SUZETTE MICHELLE ROBERTS, as a co-plaintiff in this action.

83.   The defendants, aforesaid, did unlawfully punish and harm ARCARO, without an arrest, trial, or conviction.

84.   Did interrupt the plaintiffs medical recovery causing ARCARO irreversible harm.

85.   Did corrupt the state court and influence the presiding judge placing the plaintiff, ARCARO, into situations that could easily had led to the death of the plaintiff, ARCARO, and the impoverishment of his children.

86.   The defendants, aforesaid, conduct under the color of their authority, was in total disregard for the plaintiff, ARCARO, when the defendants, aforesaid, deprived the plaintiff, of his rights, privileges, and immunities, secured by the Constitution of the United States, in that

the defendants, aforesaid, irreversibly, injured, harmed and damaged the plaintiff, ARCARO, by their actions set forth herein.

87.   As a direct and proximate result of the malicious, wanton, and intentional acts of the defendants, aforesaid, the plaintiff, ARCARO, was seriously and severely injured, harmed and/or damaged, and as a further direct and proximate result, of the aforesaid, actions set forth herein, that the plaintiff, ARCARO, sustained monumentous damages, in the form of mental pain and anguish, loss of ability to support his family, deprivation of his rights, and has in the past, and will in the future, suffer such mental pain and anguish as a result of the actions of the defendants, aforesaid.

WHEREFORE, the plaintiff, Ronald E. Arcaro, Jr., demands judgment, against the defendants, aforesaid, for compensatory and punitive damages, together with interest, costs, and demand trial by jury of all issues triable as of right by jury.

## COUNT V

**Punitive and compensatory damages as to defendants, STATE OF FLORIDA, STATE OF FLORIDA DEPARTMENT OF CORRECTIONS, MICHAEL MOORE, THE POLITICAL SUBDIVISION OF LEE COUNTY, RAY JUDAH, and those UNKNOWN BY NAME EMPLOYEES**

-------------------------------------------------------------------------------------------

Plaintiff realleges and reavers paragraphs 1-87 as if fully set forth herein and would further state:

88. Beginning on or about June 25th, 1998, the defendants, aforesaid, enforced a Bill of Attainder prohibited by Article I, Section 9, of the United States Constitution, thereby punishing the plaintiff, ARCARO, economically, physically, and mentally, without arrest, trial, or conviction with no objective evidence, no court reporter, and removal of the plaintiffs 2nd Amendment rights.

89. The defendants, aforesaid, then stigmatized the plaintiff, ARCARO, in his field of employment and in his community, as a violent woman beater, and a domestic violence offender, causing the plaintiff, ARCARO, to flee from his home and family in disgrace, and in fear, leaving the plaintiff, ARCARO, unemployable in his profession and thereby rendered disabled.

90. The defendants, aforesaid, carried out the aforementioned deprivation of civil and constitutional rights, directed towards the plaintiff, ARCARO, intentionally, and with malice, moral turpitude, wantonness, and with the total disregard for the rights, health, safety, and physical and mental condition of the plaintiff, ARCARO, without benefit of trial, with intent to appease special interest groups by issuing retribution based on gender, rather than justice

based on facts. The defendants, actions, aforesaid, caused the destruction of the plaintiff, ARCARO, and his family.

91. As a direct and proximate result of the Bill of Attainder enforced by the defendants, aforesaid, the plaintiff, ARCARO, and his family, were placed in situations that could have easily lead to great bodily harm, and/or death and was seriously and severely injured, harmed and or damaged, and as a further direct and proximate result of the aforesaid actions set forth herein, the plaintiff, ARCARO, and his family sustained monumentous damages, in the form of physical

and mental pain and anguish, the deprivation of his rights, and has in the past and will in the future, suffer such mental pain and anguish, as a result of the actions of the defendants, aforesaid.

WHEREFORE, the plaintiff, Ronald E. Arcaro, Jr, demands judgment against the defendants, aforesaid, for compensatory and punitive damages, together with costs, interest, and demand trial by jury of all issues triable as of right by jury.

## COUNT VI

### Damages for negligence of defendants, State of Florida, Department of Corrections, Michael Moore, Secretary

----------------------------------------------------------------------------------------

Plaintiff realleges and reavers paragraphs 1-91 as if fully set forth herein and would further state:

92.   At said time and place, the defendants, aforesaid, staffed, supervised, inspected, and/or maintained the programs the plaintiff, ARCARO, was court ordered to attend and were responsible for effecting policy to govern the actions of Jack Tabb and the facilities he supervised. And each and every one of the defendants, aforesaid, had a duty to maintain said facilities in a reasonably safe manner as to protect and keep safe from harm the individuals court ordered to be on or in said facilities.

93.   The defendants, aforesaid, had a duty to investigate, and to respond to complaints from individuals in there care.

94.   The defendants, aforesaid, breached the aforesaid duty when the defendants, aforesaid, jointly and/or severally, knew, or should have known, of the dangerous propensities of their employees, particularly, the defendant, Jack Tabb, and those UNKNOWN BY NAME EMPLOYEES, and failed to warn, protect, and provide safe, equitable, equitable conditions for the plaintiff, ARCARO.

95.   As a direct and proximate result of the negligence of the defendants, aforesaid, jointly, and/or severally. the plaintiff, ARCARO, as aforesaid, was injured, harmed, and or damaged and does as a result of the aforesaid defendants, actions, sustain irreversible and irreparable harm and damages.

96.   As a further direct and proximate result of the defendants, aforesaid, failure to fully and thoroughly investigate the actions by the defendant, JACK TABB, and the aforesaid, facilities, he supervises, the plaintiff, ARCARO, was damaged.

97.   Additionally, as a further and direct and proximate result of the carelessness and negligence of the defendants, aforesaid, the plaintiff, ARCARO, and his family, have been damaged and have in the past, and will in the future suffer such mental and physical pain and anguish as a result of the actions of the defendants, aforesaid.

WHEREFORE, the plaintiff, ARCARO, demands judgment against the defendants, aforesaid, for damages together with interest, costs, and demand trial by jury for all issues triable as of right by jury.

**COUNT VII**

**Damages for negligence of defendants, County of Lee Political Subdivision, Ray Judah, and Michael Gregory**

Plaintiff realleges and reveres paragraphs 1–97 as if fully set forth herein and would further state:

**98.** At said time and place, the defendants, aforesaid, staffed, supervised, inspected, operated, and/or maintained the premises of the Lee County Domestic Violence Division and each and every one of the defendants, aforesaid, had a duty to maintain said premises, in an ethical, and legal manner as to protect and keep safe from harms, the individuals engaged in the Domestic Violence Process.

**99.** The defendants, aforesaid, had a duty to provide a legal process that protected the safety of alleged domestic violence victims, while also protecting the rights of the accused.

**100.** The defendants, aforesaid, breached the aforesaid duty when the defendants, aforesaid, jointly and or severally, knew, or should have known, of the dangerous propensities of their employees, particularly, the defendants, NANCY WALTON, and THOSE EMPLOYEES UNKNOWN BY NAME, and failed to warn, protect, and provide a safe premises and a fair process for the plaintiff, ARCARO.

**101.** As a direct and proximate result of the negligence of the defendants, aforesaid, jointly and/or severally, the plaintiff, ARCARO, was maliciously prosecuted, denied access to the courts, and as a result sustained irreversible and irreparable harm and damages.

102. As a further and direct and proximate result of the defendants, aforesaid, failure to fully and thoroughly investigate the actions by WALTON, and THOSE UNKNOWN BY NAME EMPLOYEES, the plaintiff, ARCARO, was damaged.

103. Additionally, as a further direct and proximate result of the carelessness and negligence of the defendants, aforesaid, the plaintiff, ARCARO, has been damaged and has in the past and will in the future, suffer such mental and physical pain and anguish as the result of the actions, of the defendants, as aforesaid.

WHEREFORE, the plaintiff, Ronald E. Arcaro, Jr, demands judgment against the defendants, aforesaid, for damages together with interest, costs, and demand trial by jury for all issues triable as of right by jury.

## COUNT VIII

### Damages for negligence of defendants, Family Quest, Inc., Lloyd Young, C.E.O.

Plaintiff realleges and reavers paragraphs 1–103 as if fully set forth herein and would further state:

104. At said time and place, the defendants, aforesaid, supervised, staffed, inspected, operated, and/or maintained the premises of FAMILY QUEST, INC., and each and every one of the defendants, aforesaid, had a duty to educate the plaintiff, ARCARO, on domestic violence and to use the evaluation performed by Christine Holmes, MA, on July 13th, 1998, to make recommendations to the court via WALTON, and to aid the plaintiff, ARCARO, as to return him to his home, by request of ROBERTS, with this new education as to prevent future violence.

105.   The defendants breached the aforesaid duty when the defendants, aforesaid, jointly and/or severally, knew, and/or should have known, of the dangerous propensities of their employee, BILL COVELL, defendant, and failed to warn, protect and provide, safe premises, for the plaintiff, ARCARO.

106.   As a direct and proximate result of the negligence of the defendants, aforesaid, jointly and/or severally, the plaintiff, ARCARO, was harmed, and/or damaged, and does as a result of said harm, sustain irreversible and irreparable damage.

107.   As a further and direct proximate result of the defendants, aforesaid, failure to fully and thoroughly investigate the actions, by the defendant, COVELL, the plaintiff, ARCARO, was damaged.

108.   As a further direct and proximate result of the negligence of the defendants, aforesaid, failure to report all circumstances to the proper authorities including the extortion of ARCARO, by COVELL, the plaintiff, ARCARO, did not receive justice and was damaged.

109.   Additionally, as a further direct and proximate result of the carelessness and negligence of the defendants, aforesaid, the plaintiff, ARCARO, has been damaged and has in the past and will in the future, suffer such mental and physical pain and anguish as a result of the actions and inactions, of the defendants, aforesaid.

WHEREFORE, the plaintiff, Ronald E. Arcaro, Jr, demands judgment against the defendants, aforesaid, for damages together with interest, costs, and demand trial by jury for all issues triable as of right by jury.

## COUNT IX

**Damages for negligence of defendants The Spring Of Tampa Bay, Inc., Karen Silver,**

**Carolyn Brayboy**

Plaintiff realleges and reavers paragraphs 1–109 as if fully set forth herein and would

further state:

110.   At said time and place, the defendants, aforesaid, supervised, staffed, inspected,

operated and/or otherwise maintained the premises of The Spring, and each and every one of

the defendants, aforesaid, had a duty to maintain said premises in a reasonably safe manner so

as to protect and keep safe from harms, the individuals court ordered to be on or in said

premises.

111.   The defendants, aforesaid, breached the aforesaid duty, when the defendants,

aforesaid, jointly and/or severally, knew, and/or should have known, of the dangerous

propensities of their employees, and/or facilitators, particularly, the defendants, CARDAMONE,

INEZ, DON, and JERRY, and failed to warn, protect and provide, safe premises, for the plaintiff,

ARCARO.

112.   As a direct and proximate result, of the negligence of the defendants, aforesaid,

jointly and/or severally, the plaintiff, ARCARO, was injured, harmed, and/or damaged, and does

as a result of said damage, sustain irreversible and irreparable harm and damage.

113.   As a further direct and proximate result of the defendants, aforesaid, failure to fully

and thoroughly investigate the actions by the defendants, CARDAMONE, INEZ, DON, JERRY, and

THOSE UNKNOWN BY NAME EMPLOYEES, and to also report the findings to the proper authorities, the plaintiff, ARCARO, was damaged.

114.   Additionally, as a further direct and proximate result of the carelessness and negligence of the defendants, aforesaid, the plaintiff, ARCARO, has been damaged, and has in the past and will in the future, suffer such mental and physical pain and anguish, as the result of the actions and inactions, of the defendants, aforesaid.

WHEREFORE, the plaintiff, Ronald E. Arcaro, Jr, demands judgment against the defendants, aforesaid, for damages together with interest, costs, and demand trial by jury for all issues triable as of right by jury.

## COUNT X

### Damages for gross negligence as to defendants, State of Florida, Department of Corrections, Michael Moore, Lee County Political Subdivision, Ray Judah, Michael Gregory, Family Quest, Inc., Lloyd Young, and The Spring of Tampa Bay, Inc., Karen Silver, and Carolyn Brayboy

Plaintiff realleges and reavers paragraphs 1-114 as if fully set forth herein and would further state:

115.  At all times material hereto, the defendants, aforesaid, had the responsibility for, and influenced the manner in which their employees worked.

116.   At all times material hereto, the defendants, aforesaid, had the responsibility for and influenced the manner in which their employees were hired, assigned, trained, retained, and supervised during their employment.

117.   Prior o the incident described herein, the defendants, aforesaid, allowed on their premises, the defendants, dangerous employees, to enter and work on the premises as those employees were acting in contradiction to their responsibilities to wit: WALTON, GREGORY, TABB, COVELL, CARDAMONE, INEZ, DON, JERRY, and THOSE UNKNOWN BY NAME EMPLOYEES.

118.   At all times material hereto, the defendants, aforesaid, had notice, knew, or reasonably should have known, of the violent, malicious, propensities, of the defendants, aforementioned, in paragraph, 117.

119.   Prior to the incidents described herein, the defendants, aforesaid, did not warn the plaintiff, ARCARO, of the dangerous propensities, of the defendants, aforementioned in paragraph, 117.

120.   At all times material hereto, the defendants, aforesaid, allowed the aforementioned, defendants, in paragraph 117, to force the plaintiff, ARCARO, a non violent, law enforcement officer, into the close company with violent convicted felons, thereby creating a dangerous condition.

121.   At all times material hereto, the defendants, aforesaid, owed a duty to protect the plaintiff, ARCARO, when in their custody.

**122.**   At all times material hereto, the defendants, aforesaid, made the conscious voluntary acts/omissions which they knew, or should have known, would result in injury, harm, or damage to wit:

**a)** By failing to fully and thoroughly check on the defendants, aforementioned, in paragraph 117, (hereinafter "THE EMPLOYEES"), background and work history;

**b)** By not properly training or supervising the defendants, THE EMPLOYEES;

**c)** By consciously omitting to inform the plaintiff, ARCARO, of THE EMPLOYEES, tendencies towards criminal behavior;

**d)** By supervising in a way as to encourage the defendants, THE EMPLOYEES, to behave maliciously and violently towards the plaintiff, ARCARO;

**e)** By knowing the dangers of hiring the defendants, THE EMPLOYEES, and yet, intentionally exposing the plaintiff, ARCARO, to these dangers;

**f)** By encouraging the defendants, THE EMPLOYEES, to separate the Arcaro family for a period longer than those similarly situated, as to harm them.


**123.**   At all times material hereto, the defendants, aforesaid, knew, had reason to know, or should have known, of the malicious and violent propensities of the defendants, THE EMPLOYEES, and the act of hiring or retaining them, failing to supervise them, and failing to warn the plaintiff of their dangerous and illegal, unlawful, unallowed propensities was a willful, wanton, and reckless act by the defendants, aforesaid, in total disregard for the rights, safety and welfare of the plaintiff, ARCARO, and is therefore entitled to damages, as against said defendants.


**124.**   As a direct and proximate result of the negligence of the defendants, aforesaid, the plaintiff, ARCARO, has been deprived of his rights, privileges, and immunities of The Constitution of The United States, has been seriously and severely injured as a result of the

aforesaid obstruction of justice, malicious prosecution, misuse of process, and as a result of the aforesaid, the plaintiff, ARCARO, and his family have been injured, damaged, and/or otherwise harmed by the defendants, as aforesaid.

125.   As a further direct and proximate result, of the carelessness and negligence of the defendants, aforesaid, the plaintiff, ARCARO, states that damage has been sustained and have suffered as a result of the defendants actions and inactions herein set forth.

WHEREFORE, the plaintiff, Ronald E. Arcaro, Jr, demands judgment against the defendants, aforesaid, for damages together with interest, costs, and demand trial by jury for all issues triable as of right by jury.

## COUNT XI

**Punitive damages as to defendants, State of Florida, Department of Corrections, Michael**

**Moore, The Political Subdivision of Lee County, Ray Judah, Family Quest, Inc., Lloyd**

**Young, The Spring of Tampa Bay, Inc., Karen Silver and Carolyn Brayboy**

Plaintiff realleges and reavers paragraphs 1-125 as if fully set forth herein and would further state:

126.   At all times material hereto, the defendants, aforementioned, in paragraph 117, (hereinafter "THE EMPLOYEES"), were under the management, control, and/or supervision of the defendants, aforesaid.

127.   At all times material hereto, the defendants, aforesaid, had the responsibility and duty to provide those accused individuals placed in their care, and in particular, the plaintiff, ARCARO, with a reasonably safe and secure place to comply with his court order.

128.   Further, at all times material hereto, the defendants, aforesaid, had control over the manner in which investigations were conducted, completed, and subscribed to within their care and control, and had the duty to report any violations of law (State and/or Federal) to the appropriate agencies.

129.   Additionally, it is at all times material hereto, the defendants, aforesaid, had control over the manner in which personnel were hired, retained, supervised, and investigated.

130.   At all times material hereto, the defendants, aforesaid, breached the duty of care, and willfully failed to provide, the plaintiff, ARCARO, with a reasonably safe place to comply with his court order in a timely manner as not to harm him or his family.

131.   Such above and herein described actions of the defendants, THE EMPLOYEES, and those actions herein set forth of the defendants, aforesaid, were willful acts of omission by the defendants, which resulted in the injuries and family destruction sustained by the plaintiff, ARCARO.

132.   The failure of the defendants, aforesaid, in failing to provide the plaintiff, ARCARO, with a reasonably safe place in which to comply with his court order was willful, wanton, and in gross disregard for the rights safety and welfare of the plaintiff and his family.

133.   If such actions were to go unpunished, it would only serve to encourage other prison authorities and court officers in The United States to fail to provide safe places for non violent, innocent parties to carry out their court orders.

134.   As a direct and proximate result of the foregoing actions, set forth in totality herein, the Plaintiff, has been damaged, deprived of his civil rights, deprived of his Constitutional Rights, privileges, and immunities, as well has become a victim, of the same laws effected to protect the plaintiff.

WHEREFORE, the plaintiff, Ronald E. Arcaro, Jr, demands judgment against the defendants, aforesaid, for damages together with interest, costs, and demand trial by jury of all issues triable as of right by jury.

## COUNT XII

## CONCLUSION AND NATURE OF RELIEF

135.   The plaintiff, Ronald E. Arcaro, Jr, for himself and those others similarly situated, would hereby move and/or otherwise demand judgment for the relief:

a) Demands judgment against all defendants, aforesaid, in their official capacity, that participated, and/or otherwise neglected to participate, and/or were involved in the conspiracy, as aforesaid, herein, and;

b) Demands judgment against the defendants, WALTON, GREGORY, TABB, COVELL, CARDAMONE, DON, INEZ, JERRY, and THOSE UNKNOWN BY NAME EMPLOYEES, in their personal capacity to be sued, under the color of authority of their possessions; and,

c) Demands judgment against the defendants, aforesaid, in paragraph 134 (a, b), for damages, together with interest, costs, and trial by jury for all issues triable as of right by jury; and,

d) Demands judgment against the defendants, State of Florida, Jeb Bush, Governor, in the form of a preliminary and/or permanent injunction directing the defendants, aforesaid, to cease and desist punishing individuals accused of domestic violence without arrest, trial, and conviction, as this is prohibited by Article I, Section 9, of The Constitution of The United States; and,

e) Demands judgment against the defendants, Lee County Political Subdivision, Ray Judah, in the form of a preliminary and/or permanent injunction directing the defendants, aforesaid, to;

(1) Implement the use of court reporters in civil domestic violence cases as this lack of documentation encourages authorities to harm and damage defendants; and,

(2) not allow sheriffs deputies touch, accost, intimidate or direct self represented defendants unless they pose an immediate physical threat to be determined by their actions and words at time of hearing; and,

(3) Cease and desist allowing the Domestic Violence Division to make recommendations to the judge in domestic violence cases as this is unjust, intimidating, and done with intent to punish without conviction or facts; and,

**(4)** Order investigation and mediation of all domestic violence cases before going in front of the judge for final disposition. This will prevent uninformed authorities from maliciously prosecuting the accused; and,

**(5)** No longer allow authorities with the domestic violence division to sit next to the judge but rather argue from the floor on equal ground with the accused; and,

**(6)** To allow all accused individuals removed from their home by force without arrest to take with them their trade tools, cloths, legal work, medications, items of health and hygiene, and to determine, by evaluation, within 48 hours, if accused individuals have not committed acts of physical violence upon the person of the plaintiff, and upon agreement of the plaintiff, can return home after receiving a no violence order from the judge; and,

**(7)** To quickly, and without hesitation, address the issue of the no contact order issued in

Case NO: I98-4845 CA C, as aforesaid, and to resolve this situation by honoring the July 13th, 1998 court ordered evaluation performed on the plaintiff, ARCARO, by Christine Holmes, MA, and thereby lifting the no contact order, via recommendation to a State Circuit Court Judge as directed by the court on July 9th, 1998; and,

f) Demands judgment against the defendants, aforesaid, in paragraph 134 (a, b), in the form of a preliminary and/or permanent injunction directing the defendants, aforesaid, to allow Suzette Michelle Roberts to become a co-plaintiff in this action without retaliation directed at ARCARO, and to allow ARCARO and ROBERTS unencumbered access to each other so they can prosecute this action jointly to seek remedy, and to allow ARCARO and ROBERTS unencumbered access to the State and Federal Courts without threat or intimidation; and,

g) Demands judgment against the defendants, aforesaid, in paragraph 134 (a, b), in the form of preliminary and/or permanent injunction directing the defendants, aforesaid, to not use the criminal or civil contempt of court process and show cause hearings to harass indigent, accused, unconvicted, and otherwise innocent individuals because they do not have the ability to pay for batterers intervention classes. If a private corporation will not educate these people because they can not pay, direct the county to offer free and reduced classes so they can complete their court order without being punished because of inability to pay; and,

h) Demands judgment against the defendants aforesaid, in the sum of EIGHT HUNDRED AND FIFTY THOUSAND ($850,000.00) US DOLLARS in compensatory damages to be paid to the plaintiff, Ronald E. Arcaro, Jr; and,

I) Demands judgment against The Spring of Tampa Bay, Inc., for the sum of ONE HUNDRED

FIFTY DOLLARS to be paid to Dr. Jeffery Marin for the psychological evaluation performed on the plaintiff against his will by order of Linda Cardamone under threat of incarceration on January 26th, 1999; and,

j) Demands judgment against all defendants, herein, by the use of a preliminary and permanent injunction against the defendants, aforesaid, from the use and/or the continuation of their unlawful and/or unallowed actions; and,

k) Demands judgments against all defendants, herein, by use of a preliminary injunction to direct that an separate and independent investigator be immediately appointed to thoroughly and fully investigate the matter, take statements, and recommend action for this cause herein set forth an alleged on information; and,

**I) Demands judgment inclusively of any and all issues raised herein, against the defendants, jointly and severally, as herein set forth, and any other relief that this honorable Court may deem just and necessary in light of the circumstances and allegations, therefore, so prays the plaintiff, RONALD E. ARCARO, JR, for himself and all others similarly situated.**

Respectfully submitted,

RONALD E. ARCARO, JR,
Pro se
3114 Kenyon Ave.
Tampa, FL 33614
Page # 1-888-519-6233

By

RONALD E. ARCARO, JR.

-36-

**SWORN STATEMENT**

I RONALD E. ARCARO, JR, HEREBY CERTIFY, that the foregoing and circumstances set forth herein are true and accurate to the very best of my knowledge and recollection, and that I understand that I state this under the penalties prescribed for perjury.

Executed on this 20ᵀᴴ day of _MARCH_, 1999 in the County of Hillsborough, State of Florida, United States of America.

By: _____

RONALD E. ARCARO, JR.

## NOTARIZATION

I HEREBY CERTIFY that RONALD E. ARCARO, JR, did personally appear before me a Notary Public, in and for the State of Florida, Hillsborough County, and the above did produce to me a valid Florida State Drivers License NO: A 626-725-65-248-0 and is hereby certified to be the same as herein stated in this Complaint for Damages, and after being duly sworn and deposed did state the foregoing to be his act and deed.

SWORN TO AND SUBSCRIBED before me on this _20_ day of _MARCH_____, 1999, in the County of Hillsborough, State of Florida, United States of America.

RONALD E. ARCARO, JR.

By: _____

NOTARY PUBLIC

**Kenneth J. Butler**
Commission # CC 806014
Expires Feb. 2, 2003
Bonded Thru
Atlantic Bonding Co., Inc.

38

**EXHIBIT  "A"**

# Ronald E. Arcaro, Jr.

3114 Kenyon Ave.
Tampa, Florida 33614
USA

Home Phone (813) 931-3053

February 05, 1999

STATE OF FLORIDA DEPARTMENT OF
CORRECTIONS, MICHAEL MOORE, Secretary,
JACK TABB, Administrative Assistant of
Community Corrections, STATE OF FLORIDA,
COUNTY OF LEE, DOMESTIC VIOLENCE
DIVISION, NANCY WALTON, Case Worker,
MICHAEL GREGORY, Court Investigator,
FAMILY QUEST, INC., LLOYD YOUNG,
C.E.O., BILL COVELL, Executive Director,
THE SPRING OF TAMPA BAY, INC.,
(Information Pending See Attached Letter)
In their official capacity, GREGORY, WALTON,
YOUNG, COVELL, INEZ (last name unknown),
JERRY (last name unknown), In their capacity
personally, And those unknown by name
employees jointly and severally,

#0005

RE: I98-4845 CA C

## NOTICE OF INTENT TO SUE

**1.** I, **Ronald E. Arcaro, Jr** , come forward and do state, that in accordance with the FEDERAL RULES OF CIVIL
PROCEDURE, I am notifying the aforesaid parties, of my intent to file a COMPLAINT FOR DAMAGES, against
the aforesaid parties, by and through my own hand in propria persona, to remedy the willful violation of my
Constitutional Rights by these authorities under color of state law.

**2.** This will be my final request for a thorough, independent investigation of my allagations, review of my
documentation, and a fair hearing based on factual information and court inquiry.

**3.** I am at this time experiencing retaliation and unlawfull punishment as a result of my attempt to engage in the Civil
Process.

**4.** This will serve as fact, I have exhausted all available means of Administrative and Civil Remedies available in the
STATE OF FLORIDA.

**5.** Upon no reply, this action will be filed with Civil Cover Sheet in the UNITED STATS DISTRICT COURT,
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION, **Twenty (20) days after your receipt of this notice.**

Very truly yours,

**Ronald E. Arcaro, Jr**
*in propria persona*

cc: Attorney General (civil rights)
    Judge Jay B. Rosman
    Michael Gregory
    Nancy Walton
    Michael Moore
    Jack Tabb
    Lloyd Young
    Bill Covell
    Five copies forwarded to Linda Cardamone
    of THE SPRING OF TAMPA BAY, INC.,
    to be distributed to the five parties under
    her supervision mentioned in the attached letter.

---

**FLORIDA SHORT-FORM PUBLIC OFFICER/TRUSTEE/REPRESENTATIVE ACKNOWLEDGMENT (F.S. 695.25)**    No. 5185

STATE OF FLORIDA

COUNTY OF Hillsborough

#0005

Notary Public, State of Florida
**PAUL H. LUCIC**
Commission # CC 708487
Comm. Expires Jan. 15, 2002

**(SEAL ABOVE)**

The foregoing instrument was acknowledged before me this 8 February 1999
(Date)

by Ronald Eugene Arcaro Jr , who is personally
(Name of person acknowledging and title of position)

known to me or who has produced FL DL A626-729-65-248-0
(Type of identification)

as identification and who did (did not) take an oath.

_____
(Signature)     Notary Public, Commission No. CC708487

Paul H. Lucic     (Name of Notary typed, printed or stamped)

**ATTENTION NOTARY:** Although the information requested below is OPTIONAL, it could prevent fraudulent attachment of this certificate to unauthorized document.

THIS CERTIFICATE
MUST BE ATTACHED
TO THE DOCUMENT
DESCRIBED AT RIGHT:

Title or Type of Document Notice of Intent to Sue

Number of Pages 2     Date of Document 5 February 1999

Signer(s) Other than Named Above none

©1991 NATIONAL NOTARY ASSOCIATION • 3491-11 Thomasville Rd., #215 • Tallahassee, FL 32308-3437

# Ronald E. Arcaro, Jr.

3114 Kenyon Ave.
Tampa, Florida 33614
USA

Home Phone (813) 931-3053

*certified (R.R.)*
*# 2 431 249 559*

February 02, 1999

Linda Cardamone
5118 N. 56th Street # 225
Tampa, FL 33610

Dear Linda:

It is necessary at this time for me to contact by mail certain individuals employed byand/or affiliated with The Spring of Tampa Bay, Inc. I am self litigating a federal law suit in the United States Middle District Court, Tampa Division for Malicious Prosecution and violation of my civil rights. You are not named in this suit. Due to the fact that I am advocating *in propria persona* I ask that you show me the same courtesy shown anyone involved in the **CIVAL** process. Please forward me the following information so I can communicate by mail with these individuals that have been involved with my case.

**1.** The person that facilitates the Eleven A.M. Saturday Morning Batterers Intervention Program at 5118 N. 56th Street Tampa, FL 33610 is **Don.** Can you please give me his last name and an address him or his Attorney can receive mail.

**2.** On **January 23, 1999,** a different Facilitator by the name of **Geri** facilitated Don's Class with an Older Spanish Female. I need his last name, her full name and an address where they, or their council can receive mail.

**3.** I need to know if the above mentioned facilitators are employed by The Spring or are they contracted.

**4.** At The Spring I have been in contact by a lady named **INEZ.** What is her last name and title.

**5.** Who is the Corporate Head or C.E.O. of The Spring, Inc?

Sincerely,

**Ronald E. Arcaro, Jr.**

*#0004*
*AS ATTACHED TO #0005*

cc: **Linda Cardamone**
    **File**

*COPY*

**1 of 1**

Is your RETURN ADDRESS completed on the reverse side?

**SENDER:**
- Complete items 1 and/2 for additional services.
- Complete items 3, 4, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

Lee county Justice ctr.
Mike Gregory
1700 Monroe St.
Ft. Myers, FL 33901

4a. Article Number
2 480 157 453

4b. Service Type
☐ Registered ☒ Certified
☐ Express Mail ☐ Insured
☐ Return Receipt for Merchandise ☐ COD

7. Date of Delivery
2/10/99

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)
X

PS Form **3811,** December 1994     102595-98-B-0229     Domestic Return Receipt

Thank you for using Return Receipt Service.

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

Lee county Justice ctr.
Domestic violence Division
Nancy Walton
1700 Monroe St.
Ft. Myers, FL 33901

4a. Article Number
2 480 157 454

4b. Service Type
☐ Registered ☒ Certified
☐ Express Mail ☐ Insured
☐ Return Receipt for Merchandise ☐ COD

7. Date of Delivery
2/10/99

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)
X

PS Form **3811,** December 1994     102595-98-B-0229     Domestic Return Receipt

Thank you for using Return Receipt Service.

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

Lee county Justice ctr.
Judge Jay B. Rosman
1700 Monroe St.
Ft. Myers, FL 33901

4a. Article Number
2 480 157 455

4b. Service Type
☐ Registered ☒ Certified
☐ Express Mail ☐ Insured
☐ Return Receipt for Merchandise ☐ COD

7. Date of Delivery
2/10/99

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)
X

PS Form **3811,** December 1994     102595-98-B-0229     Domestic Return Receipt

Thank you for using Return Receipt Service.

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4'
- Print your name and address on reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

ATTORNEY GENERAL
CIVIL RIGHTS
2002 N. LOIS AVE. # 700
TAMPA, FL 33607-2367

4a. Article Number
Z 480 157 459

4b. Service Type
☐ Registered   ☒ Certified
☐ Express Mail   ☐ Insured
☐ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery
2/9/99

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)
X Pat. Buffington

PS Form **3811**, December 1994        102595-98-B-0229        **Domestic Return Receipt**

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following ... for an ...

... s Address
... Delivery

Consult postmaster for fee.

3. Article Addressed to:

STATE OF FLORIDA
DEPT. OF CORRECTIONS
MICHAEL MOORE
2601 BLAIRSTONE RD.
TALLAHASSEE, FL 32399-2500

4a. Article Number
Z 480 157 457

4b. Service Type
☐ Registered   ☒ Certified
☐ Express Mail   ☐ Insured
☐ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery
FEB 10 1999

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)
X Tony Willis

PS Form **3811**, December 1994        102595-98-B-0229        **Domestic Return Receipt**

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

STATE OF FLORIDA
DEPT. OF CORRECTIONS
JACK TABB
8306 LAUREL FAIR CIR. # 220
TAMPA, FL 33610

4a. Article Number
Z 480 157 458

4b. Service Type
☐ Registered   ☒ Certified
☐ Express Mail   ☐ Insured
☐ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery
2-9-99

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)
X Brenda Bowler

PS Form **3811**, December 1994        102595-98-B-0229        **Domestic Return Receipt**

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *"Return Receipt Requested"* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

FAMILY QUEST, INC.
BILL COVELL
3049 CLEVELAND AVE. #106
FT. MYERS, FL 33901

4a. Article Number
2 480 157 452

4b. Service Type
☐ Registered          ☒ Certified
☐ Express Mail        ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery
2-10-99

5. Received By: *(Print Name)*
Bill Covell

6. Signature: *(Addressee or Agent)*
X  W Covell

8. Addressee's Address *(Only if requested and fee is paid)*

PS Form **3811**, December 1994          102595-98-B-0229          **Domestic Return Receipt**

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *"Return Receipt Requested"* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

FAMILY QUEST, INC.
DR. LLOYD YOUNG C.E.O.
3049 CLEVELAND AVE. #106
FT. MYERS, FL 33901

4a. Article Number
2 480 157 451

4b. Service Type
☐ Registered          ☒ Certified
☐ Express Mail        ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery
2-10-99

5. Received By: *(Print Name)*
X  D. Covell

8. Addressee's Address *(Only if requested and fee is paid)*

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

rn Receipt

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *"Return Receipt Requested"* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

THE SPRING OF TAMPA BAY, INC.
LINDA CARDAMORE
5118 N. 56TH ST. SUIT 225
TAMPA, FL 33610

4a. Article Number
2 480 157 456

4b. Service Type
☐ Registered          ☒ Certified
☐ Express Mail        ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery
2/9/99

5. Received By: *(Print Name)*

8. Addressee's Address *(Only if requested and fee is paid)*

6. Signature: *(Addressee or Agent)*
X

PS Form **3811**, December 1994          102595-98-B-0229          **Domestic Return Receipt**

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

Hon. J.B. Rosman
1700 Monroe St.
Ft. Myers. FL 33901

Ronald E. Arcaro. Jr.
3114 Kenyon Ave.
Tampa. FL 33614

Re: Case No. I98-4845 CA C

Dear Judge Rosman.
  The court provided a process for the petitioner and
myself to use in relieving ourselves of the no contact order
present in the current injunction. The process was started
by Christine Holmes of Solutions. In the beginning of the
process I was evaluated and it was determined that I was not
a threat to myself or others and the petitioner and myself
were told that the no contact order would be lifted. The
petitioner was sent the proper forms by mail at her own
request. Solutions then went out of business and my case was
transferred to Family Quest. Bill Covell of Family Quest and
Jack Tab of the Department of Corrections stopped this
process. Bill Covell stated he would not lift the order
because he did not want to be sued.I told him that his
recommendation was part of the process. He stated. "the
Judge and Domestic Violence doesn't tell us how to operate.
As long as you are here, it stays in effect." I explained to
him that I was not convicted of anything and that I am not
violent and that there was no physical evidence to prove me
guilty of anything. He stated. "you're a law enforcement
officer and the new law was intended to hold you to a higher
standard." I told him I had a right to due process. He said.
"that's your problem. my orders come from Jack Tab."
  At my evaluation it was determined that due to the fact
that I am mentally disabled and an SSI applicant, my ability
to work was in question and therefore a sliding scale would
be used. I was asked to pay $5.00 weekly. Bill Covell and
Inez at the Spring inflicted financial harm on my family by
refusing to give me the sliding scale as determined by
Christine Holmes. They said that I did not meet the
requirements due to the fact that I was not convicted. At my
request, Bill Covell moved me to Hillsborough County to the
Spring. He placed me in the Violent Offender program. The
people I attend class with are on probation and convicted of
battery. The class in no way applies to my case. I am being
forced to admit that I am a batterer, and that I beat my
fiance. If I don't admit this in writing, I will be
terminated and I am being threatened with another Show Cause
hearing.
  I was told in orientation, in front of other people,
that if I mentioned my mental disability, I would be sent to
a doctor at my own expense. I said that I could not even
afford my medication because of how much they are charging
me. She said, "you better stay quiet then."

#0003
102  2-19-99

I requested a meeting with the petitioner from Nancy Walton so that the petitioner and myself could discuss a rehearing and also discuss civil action. Nancy Walton told me that the petitioner had already requested a meeting and she would get with her. This was three months ago. We have not been allowed to meet since July 9, 1998. This has blocked us from jointly starting the process to seek remedy for damages.

I asked a woman at the clerk's office for a rehearing in your court and I was told I had to have an attorney. I can't afford one.

-My due process rights are being violated.
-My 5th ammendment rights are being violated.
-My 1st ammendment rights are being violated.
-My 14th ammendment rights are being violated.
-All of the above is being done using your court order as a tool.
-The above has been done by way of action and in action by county workers and facilitators.
-Some of what has been done has been done with malicious intent.
-I have had physical, emotional, psychological, and financial harm inflicted on me unlawfully.
-My access to the court has been denied. This letter is my only recourse.

-We need the no contact order lifted.
-I need a sliding scale as promised.
-I should not have to incriminate myself.
-I should be protected from excessiveness.
-I should be able to use the process.
-I should have been done with these classes in seven months. It has been five months and I only have five classes under my belt.
-I should not be discriminated against because of my disability.
-I have proof and the testimony of others that the above is true and correct.
-The agencies should release to me all of the information pertaining to my case so I can foward it to the ACLU. I have received forms from them. So far the agencies will not return phone calls or respond to letters.
-This case should be dismissed.

Can I persuade you to address and remedythe above or grant a rehearing?

Respectfully,

Ronald E. Arcaro, Jr.

#0003
2 of 2 3.19.99